# SUPREME COURT OF LOUISIANA,

### IN THE

## EASTERN DISTRICT, AT NEW ORLEANS,
## COMMENCING, NOVEMBER, 1841.

PRESENT:

Hon. FRANÇOIS XAVIER MARTIN.
Hon. HENRY A. BULLARD.
Hon. ALONZO MORPHY.
Hon. RICE GARLAND.

---

ALEXANDER McCORMICK v. JAMES W. BROADWELL.

The return of service of a summons to attend a meeting of the creditors of an insolvent who has surrendered his property, should be made by the sheriff as in the case of an ordinary citation; but where, by the neglect of the latter, no return has been made, third persons will not be allowed to suffer, but a return will be ordered to be made *nunc pro tunc*.

After a stay of proceedings no judicial process can be issued at the suit of any creditor placed on the schedule of the insolvent and notified of the failure, either against such insolvent, or his bail.

APPEAL from the District Court of the First District, *Watts*, J.

*Preston*, for the plaintiff and appellant, urged that he was not a party to the surrender of the defendant, and therefore not bound by the proceedings.

*Roselius*, for the appellee.

MORPHY, J. The plaintiff is appellant from a judgment dis-

charging a rule taken on Adams, Buckner & Co., to make them liable on a bail bond as the sureties of defendant, on a return of *non est inventus* to a writ of *capias ad satisfaciendum* issued against the latter. The defence made below and renewed here, is, that shortly after the judgment obtained by plaintiff, his debtor made a *cessio bonorum* before the parish court, and obtained from that tribunal a stay of proceedings against his person and property; that a meeting of the creditors of said Broadwell was called, and as none of them appeared, although duly notified, the parish court, on a certificate of the notary that no creditors had met, appointed the sheriff as syndic ; that plaintiff was a party to these proceedings ; that they have never been set aside, and have acquired the force of *res judicata.* This defence was accompanied by an offer to surrender the body of the debtor.

The record shows that on the first of August, 1835, after the judgment obtained by plaintiff against Broadwell, but before the return of a *fi. fa.* which had issued under it, the defendant filed his schedule in the parish court. This surrender was accepted by the judge, who ordered a meeting of the creditors to be held before W. Y. Lewis, on the 12th of August, and granted a stay of proceedings. Upon a suggestion that this meeting had not taken place, another was ordered for the 30th of September ; and that having also failed, a third was convened for the 16th of November following, and on a certificate of the notary that no creditors had met, the sheriff was appointed syndic. There is no evidence before us that McCormick was summoned to attend the meetings that were to take place under these two last orders ; but from the testimony of E. Murphy, a witness produced by the plaintiff, and who at that time was employed in the sheriff's office, it appears that plaintiff, who was placed on the schedule filed by defendant, was personally served with a summons to attend the first meeting of the 12th of August. The evidence of this service should have resulted from a regular return by the sheriff, as in cases of ordinary citations ; but that officer appears to have been in the habit of making no returns of the summons served by him on the creditors in cases of insolvency. The judge below was, in our opinion, correct in deciding that the bail should not suffer by this neglect of the sheriff, and in admitting the latter to make his return *nunc pro tunc. Ni-*

*cholls* v. *De Ende.* 3 Martin, N. S., 310. *Aubert* v. *Buhler et al.* Ib., 489.

The writ of *capias ad satisfaciendum*, upon the return of which the present rule was taken, issued on the 13th of August, 1835, when plaintiff had been made a party to the proceedings in the parish court. After the stay of proceedings no judicial process could lawfully issue at the suit of any of the creditors placed on the defendant's schedule, and notified of the failure. 5 Martin, .N. S., 124. 4 Ib., 625. Until set aside, the stay of proceedings was a bar to any further action on the part of plaintiff against his debtor, or his bail.

*Judgment affirmed.*